**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cr-20557-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JAVIER HERNANDEZ,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Javier Hernandez's ("Hernandez" or "Defendant") First Motion *in Limine*, ECF No. [84], Second Motion *in Limine*, ECF No. [85], and Third Motion *in Limine*, ECF No. [87] (collectively, "Motions"). The Government filed Responses in opposition to the First Motion *in Limine* and Second Motion *in Limine*, ECF Nos. [94], [95]. The Government did not file a response to the Third Motion *in Limine*. Hernandez filed Replies in further support of the First Motion *in Limine* and Second Motion *in Limine*, ECF Nos. [96], [99]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's First Motion *in Limine* is denied, his Second Motion *in Limine* is denied as moot, and his Third Motion *in Limine* is denied.

**I.   BACKGROUND**

On March 24, 2023, the Government filed a five-count Superseding Indictment charging Defendant with conspiring to encourage aliens to enter the United States for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Count 1); conspiring to transport stolen vehicles in violation of 18 U.S.C. § 371 (Count 2); conspiring to traffic in certain motor vehicles, to export a

motor vehicle with tampered identification number, and to alter motor vehicle identification numbers in violation of 18 U.S.C. § 371 (Count 3); trafficking in certain motor vehicles in violation of 18 U.S.C. § 2321 (Count 4); and engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 5). ECF No. [51].

In Count 1, the Government alleges that between February 2018 and January 20, 2019, Hernandez knowingly and intentionally encouraged and induced "an alien to come to, enter, and reside in the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such coming to, entering, and residence was in violation of law[.]" *Id.* at 2. In Count 2, the Government alleges that, between December 2017 and September 30, 2022, Defendant knowingly and intentionally conspired to "knowingly transport in foreign commerce a vessel, knowing the vessel to have been stolen[.]" *Id.* In Count 3, the Government alleges that, from September 2019 to October 17, 2019, Hernandez knowingly bought an exported a motor vehicle, knowing that the vehicle's identification number had been removed, obliterated, tampered with, and altered; and knowingly removed, obliterated, tampered with, and altered a motor vehicle's identification number. *Id.* at 8. In Count 4, the Government alleges that, from September 30, 2019, to October 17, 2019, Hernandez knowingly bought a white Toyota Tundra bearing Vehicle Identification Number 5TFGW5F10JX769479, knowing that the vehicle's identification number had been removed, obliterated, tampered with, and altered. *Id.* at 11. In Count 5, the Government alleges that, from December 2017 to September 30, 2022, Hernandez conspired to "transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity[.]" *Id.* at 11-12.

Hernandez's First Motion *in Limine* seeks an Order excluding all evidence pertaining to *United States v. Gonzalez Vidal*, Case No. 21-20050-CR-CMA ("GV Case"), and directing the Government to instruct its witnesses not to raise any matters relating to that case during their testimony at trial. *See* ECF No. [84-1]. Hernandez's Second Motion *in Limine* seeks to exclude evidence relating to his arrest in Mexico on November 21, 2019, on drug charges. ECF No. [85] at 3. Hernandez's Third Motion *in Limine* requests that the Court permit Hernandez to conduct a direct examination of Government witnesses during the Government's case-in-chief, or alternatively require the Government to ensure the Government's witnesses' availability during his case-in-chief. ECF No. [87].

## II.     LEGAL STANDARD

A motion *in limine* is one to "exclude anticipated prejudicial evidence before the evidence is actually offered." *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1250 (M.D. Fla. 2021) (quoting *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984))). Motions *in limine* enable the Court to rule on the relevance of evidence and other issues before trial, thereby aiding the trial process. *See United States v. Laurent*, 603 F. Supp. 3d 1247, 1251 (S.D. Fla. 2022). However, "the better practice [is] to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (quoting *Mowbray v. Carnival Corp.*, No. 08-20937-CIV, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009)). Thus, the Court may exclude evidence *in limine* only when "evidence is clearly inadmissible on all potential grounds." *Id.* (citation omitted). Otherwise, "evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id.* (quoting *Mowbray*, 2009 WL 10667070, at *6).

The burden is on the movant to demonstrate that evidence is inadmissible on any relevant ground. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (citing *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). A district court's ruling on a motion *in limine* is subject to change, in any event. *United States v. Dorvilus*, 357 F. App'x 239, 246 (11th Cir. 2009) (citing *Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.")).

### III. DISCUSSION

#### A. First Motion *in Limine*

Hernandez asks the Court to exclude evidence from the GV Case because that case involves allegations of serious physical and mental abuse of Cuban migrants. ECF No. [84] at 2. Specifically, Hernandez states the Government may present evidence that migrants were held hostage in a farm near Merida, Mexico, and that defendants in the GV Case committed violent acts and inflicted emotional abuse on some migrants who had not paid all the required smuggling fees. *Id.* at 3-4. Hernandez speculates that the Government may show the evidence in the GV case in order to prove that Hernandez and Co-Defendant Ramon Reyes aided and abetted the smuggling operation of the defendants in the GV Case by supplying stolen boats that were later used in the smuggling operation. *Id.* In Hernandez's view, that evidence is irrelevant to the charges in the Superseding Indictment and allowing the evidence would severely inflame the jury against Hernandez and Ramon Reyes. *Id.*

In support, Hernandez relies on a case in which the Eleventh Circuit reversed and remanded a district court's decision to introduce evidence, in a trial on drug distribution offenses, that the defendant physically abused his wife. *Id.* at 5 (citing *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir.), *corrected*, 194 F.3d 1186 (11th Cir. 1999)).

The Government responds that evidence from the GV case would show Hernandez is an active participant in a conspiracy to smuggle migrants into the United States. ECF No. [94] at 1, 4. The evidence would specifically show that Hernandez obtained vessels for the smuggling organization, bribed Mexican officials, and made additional money to fund the organization's unlawful venture. *Id.* at 4. The evidence would also show Hernandez admitted to having visited the location where migrants were housed while awaiting payment and that he discussed his knowledge of what would happen to some of the migrants while they were held there. *Id.* That evidence is thus relevant to show Hernandez knew of both the full scope of the conspiracy to encourage and induce aliens to enter the United States and of the acts taken in furtherance of that conspiracy, including that the organization collected smuggling fees through extortion and other means. *Id.* at 5. The Government states the foregoing distinguishes *Hands* since the evidence of spousal abuse in that case was irrelevant to the defendant's cocaine distribution charges. *Id.*

Hernandez replies that the Government had all the evidence it needed to charge the GV Case Defendants by early 2021 yet chose not to indict Hernandez in that case. ECF No. [96] at 3. Hernandez reasons the Government is trying to "have it both ways." *Id.* at 4. He speculates the Government had an important reason not to charge Hernandez with the GV Case Defendants and, "[w]hen that reason did not pan out the way the Government had hoped," it charged Hernandez in a different case yet still seeks to introduce the GV Case evidence. *Id.* at 4. Hernandez further argues that *Hands* stands for the proposition that the introduction of unrelated acts of abuse at trial is reversible error, a proposition that is applicable here. *Id.* at 5.

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the

5

evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Hernandez is charged with knowingly and intentionally conspiring to encourage and induce an alien to enter the United States for commercial advantage and private gain, in knowing and in reckless disregard of law. ECF No. [51] at 2. According to the Government, the GV Case evidence would show that Hernandez visited the location where migrants were housed while awaiting payment, and that Hernandez knew what would happen to some of the migrants. To the extent any evidence from the GV Case would show Hernandez had knowledge of how the organization obtained payment from migrants, that evidence necessarily supports that Hernandez knew the organization undertook smuggling operations. As such, the evidence would be relevant to Count 1.

The question is thus whether evidence from the GV Case presents a substantial danger of unfair prejudice. In *Hands*, a jury convicted the defendant of one count of conspiracy to distribute and possess with intent to distribute narcotics and one count of distributing and possessing with intent to distribute cocaine. *Hands*, 184 F.3d at 1325. The court explained that the photographs had minimally probative value: the photographs were relevant to impeach defendant, but the court found the evidence to be "superfluous." *Id.* at 1328. The court stated that "graphic and arresting" evidence of the defendant's domestic violence against his spouse has a great potential for unfair prejudice because it would likely incite a jury to an irrational decision. *Id.* at 1328-29. *Hands* concluded the admission of the evidence was not harmless error. *Id.* at 1334. Here, the relevance of the evidence in the GV Case, as described by the Government, distinguishes the instant action

from *Hands*. Moreover, this is not a case where the Government alleges that a defendant physically or emotionally abused victims that were not involved with the conduct underlying the charges. Instead, others in the alleged organization abused the migrants, and that abuse is allegedly integral to generating its revenue, supporting that the abuse and the conspiracy are related. *Hands* is thus inapplicable.

Nevertheless, the Court does not have before it the evidence from the GV case. To the extent that evidence is "graphic and arresting," the possibility of the danger of unfair prejudice exists. As such, the Court denies Plaintiff's First Motion *in Limine* without prejudice, and Hernandez may raise contemporaneous objections at trial if the Government proffers such evidence from the GV Case.

### B. Defendant's Second Motion *in Limine*

Hernandez seeks to exclude evidence of his arrest in Progreso, Mexico for alleged drug sales under Rule 403. ECF No. [85] at 3. Hernandez argues that the arrest is irrelevant because there are no drug or drug-related charges in the case, and that the introduction of such evidence will mislead the jury into believing Hernandez's arrest can be considered when deciding the charges here. *Id.* at 4.

The Government responds it does not intend to elicit testimony of Hernandez's arrest or of the reason for that arrest. ECF No. [95] at 5. Rather, the Government seeks to have Mexican law enforcement officers testify that Hernandez had an "encounter" with the police—without discussing the reason for that encounter—and that Hernandez made statements to the officers that led to the recovery of a vessel from a co-conspirator that was allegedly used in the smuggling activity. *Id.*

Hernandez replies that he is inclined to accept the Government's compromise while reserving certain rights. Hernandez explains that he may want to question the Mexican law

enforcement officers about the time and place where Hernandez made the statements, which raises his concern that the Government would contend Hernandez would "open the door" to any line of questioning regarding his arrest in Mexico. ECF No. [99] at 2. Since the parties cannot anticipate exactly how direct and cross-examinations of the Mexican law enforcement officers will play out, Hernandez states that the better course would be for the Court to allow the parties to withdraw from the compromise if one party violates its terms. *Id.*

Given Hernandez' provisional agreement to the Government's compromise, the Court denies Plaintiff's Second Motion *in Limine* as moot. The parties may raise at trial any issues with respect to the Government's compliance with its compromise and to Hernandez's cross-examination of Mexican law enforcement officials.

### C. Defendant's Third Motion *in Limine*

Hernandez seeks permission to conduct a direct examination of witnesses whom the Government calls to testify at trial following cross-examination and prior to the close of the Government's case-in-chief. ECF No. [87] at 1. Hernandez further asks the Court not to consider the results of his direct examination in deciding a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. *Id.* at 3. Hernandez notes he must do several things to secure the trial appearance of a Government witness, which he describes as time-consuming and onerous: follow federal administrative procedures, serve subpoenas, and otherwise secure testimony of witnesses who might reside in another state or overseas. *Id.* at 2. Hernandez submits that his requested procedure would "represent a savings to the precious financial and time resources of the Court, the Government, and the CJA," and the jurors. *Id.* at 3. Hernandez further argues that that procedure would ensure his right to confront the Government's witnesses. *Id.* Hernandez contends the only other reasonable alternative is for the Court to require the

Government to ensure the appearances of its witnesses for direct examination during Hernandez's case-in-chief. *Id.* at 4.

The Constitution states, "[i]n all prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Eleventh Circuit has stated that the main and essential purpose of confrontation is to secure for the defendant the opportunity for effective cross-examination at trial. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 (11th Cir. 1994) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986); citing *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987)).

According to Hernandez, the Sixth Amendment requires the Court to secure for him an opportunity to conduct a direct examination of the Government's witnesses given the evidentiary prohibition on cross-examination of witnesses on matters beyond the scope of direct examination, *see* Fed. R. Evid. 611 ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility"). However, none of Hernandez's authorities support that the Court should ensure he have an opportunity to conduct a direct examination of a Government witness *prior* to the end of the Government's case-in-chief. While Defendant's cases support that restrictions on the cross-examination of Government witnesses may violate a defendant's right to confront those witnesses, they do not support that the Sixth Amendment requires that a defendant be afforded an opportunity to conduct a direct examination of Government witnesses. *See Olden v. Kentucky*, 488 U.S. 227, 232, 109 S. Ct. 480, 483 (1988) (trial court's grant of prosecutor's motion *in limine* preventing cross-examination concerning victim's "living arrangements" with petitioner's half-brother violated Sixth Amendment); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 (11th Cir. 1994) (prohibiting defendant's counsel from asking agent questions about document which terminated defendant from prior informant

9

status deprived defendant of Sixth Amendment right); *United States v. Lankford*, 955 F.2d 1545, 1549 (11th Cir. 1992) (holding that exclusion of evidence that sons of prosecution's chief witness had been arrested for sale of drugs erroneously limited defendant's Sixth-Amendment right to cross-examine witness for possible motive or bias).

Moreover, Hernandez does not cite to any authority that supports his proposed procedure. Finally, there is another reasonable alternative to ensuring an opportunity for effective cross-examination: Hernandez may request that the Court "allow inquiry into additional matters [on cross-examination] as if on direct examination" if Hernandez believes a limitation on his cross-examination of Government witnesses presents a Sixth Amendment problem. Fed. R. Evid. 611(b). Defendant's Third Motion *in Limine* is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's First Motion *in Limine*, **ECF No. [84]**, is **DENIED WITHOUT PREJUDICE**.

2. Defendant's Second Motion *in Limine*, **ECF No. [85]**, is **DENIED AS MOOT**.

3. Defendant's Third Motion *in Limine*, **ECF No. [87]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 22-cr-20557-BLOOM

Counsel of Record