UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cr-20557-BB**

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JAVIER HERNANDEZ,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS TO SEVER**

**THIS CAUSE** is before the Court upon Defendant Javier Hernandez's ("Hernandez") Motion for Trial Severance, ECF No. [98] ("Hernandez's Motion"), and Defendant Ramon Reyes Arnada's ("Reyes Arnada") First Motion for Jury Trial Severance of Defendants, ECF No. [110]. The Government filed a Response in opposition to Hernandez's Motion, ECF No. [103], a Supplemental Exhibit, ECF No. [105-1], and a Response in opposition to Reyes Arnada's Motion, ECF No. [125]. To date, Hernandez has not filed a Reply. The Court has carefully considered Hernandez's Motion and Reyes Arnada's Motion, all opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Hernandez's Motion and Reyes Arnada's Motion are denied.

    **I.   BACKGROUND**

The Court assumes the parties' familiarity with the case and sets forth allegations pertinent to the adjudication of the Motion.[1] The Government alleges that between December 2017 and October 2019, Hernandez actively participated in a criminal organization that smuggled Cuban

---

[1] The Court previously entered an Omnibus Order on Hernandez's Motions *in Limine*, which set forth the pertinent allegations in this action. ECF No. [101].

migrants into the United States by way of Mexico via boat. ECF No. [103] at 1. The Government further alleges that Hernandez participated in the conspiracy by procuring stolen boats and transporting them from Florida to Mexico, and Reyes Arnada would identify the target vessels and communicate with Hernandez about them. *Id.* at 2. Hernandez and Reyes Arnada would then obtain counterfeit documentation for the vessels and boat parts, among other things, and were paid by others in the criminal organization. *Id.*

On March 24, 2023, the Government filed a five-count Superseding Indictment charging Hernandez with conspiring to encourage aliens to enter the United States for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Count 1); conspiring to transport stolen vehicles in violation of 18 U.S.C. § 371 (Count 2); conspiring to traffic in certain motor vehicles, to export a motor vehicle with tampered identification number, and to alter motor vehicle identification numbers in violation of 18 U.S.C. § 371 (Count 3); trafficking in certain motor vehicles in violation of 18 U.S.C. § 2321 (Count 4); and engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 5). ECF No. [51]. Reyes Arnada is charged only in Counts 2 and 5 of the Superseding Indictment. *See id.*

**A. Hernandez's Motion**

In the Motion, Hernandez first argues his Sixth Amendment right of confrontation would be violated if (1) the Government is allowed to introduce evidence of Arnada's state court conviction of grand theft of fuel, transport of fuel in a dangerous manner, and trespass, following Reyes Arnada's arrest on September 13, 2021, including Reyes Arnada's videotaped confession, and (2) Reyes Arnada chooses not to testify, since Hernandez would be deprived of the opportunity to cross-examine Reyes Arnada on that conviction. ECF No. [98] 1-2.[2] For the same reason,

---

[2] Hernandez states that Arnada pleaded *nolo contendere* to the charges. *Id.* at 2.

Hernandez contends his right of confrontation would be violated if the Government introduces evidence of the contents of Reyes Arnada's cell phone to show Hernandez and Reyes Arnada's involvement in the criminal conspiracy. *Id.* at 3-4. Second, Hernandez argues he would suffer an irreparable and harmful "spillover effect" from the introduction of evidence of Reyes Arnada's state court conviction because the conviction is irrelevant to the charges against Hernandez and the evidence would prevent the jury from rendering a reliable verdict. *Id.* at 2-3. In Hernandez's view, limiting instructions at trial concerning Reyes Arnada's arrest, subsequent confession, and cellphone data cannot cure the prejudice to Hernandez, requiring either trial severance or prohibiting the admission of the state court conviction. *Id.* at 4.

In support, Hernandez principally relies on *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny for the proposition that Reyes Arnada's confession and conviction are inadmissible. *Id.* at 4-5. In support of Hernandez's second argument, Hernandez relies on *Kotteakos v. United States*, 328 U.S. 750 (1946) and contends that trial severance is warranted where a jury will be unable to "individualize" Hernandez from "his relationship to Arnada even though Arnada's state law violations occurred two years after the Government alleges Hernandez no longer drove stolen boats to Mexico." *Id.* at 5.

The Government responds that Hernandez has failed to demonstrate any prejudice to Hernandez from evidence of Reyes Arnada's state court conviction that will result in "specific and compelling prejudice to the conduct of his defense." ECF No. [103] at 7 (quoting *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997)). Relying on *United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005) and *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985), the Government contends the state court conviction would not "overly prejudice" Hernandez because the Superseding Indictment alleges Hernandez *himself* illegally procured fuel in furtherance of the

conspiracy. *Id.* at 7-8. Relying on *United States v. Lopez*, 649 F.3d at 1222 (11th Cir. 2011), the Government also points out that any prejudice may be cured with a limiting instruction. The Government asserts that *Bruton* is wholly inapposite to this case because Reyes Arnada never directly inculpated Hernandez in his confession. *Id.* at 8-9. Moreover, the Government maintains *Kotteakos* did not discuss severance standards, so that case does not apply here, and notes that *Zafiro* observed that limiting instructions usually will cure any prejudice resulting from a joint trial. *Id.* at 9.

### B. Reyes Arnada's Motion

On September 5, 2023, Reyes Arnada filed a Motion to Adopt Hernandez's Motion, ECF No. [117], which the Court granted. ECF No. [118]. In Reyes Arnada's Motion, he argues he will suffer an added layer of prejudice due to one of Hernandez's out-of-court statements regarding this case. ECF No. [110] at 1. According to Reyes Arnada, on April 18, 2022, Hernandez told federal agents that Reyes Arnada would send Hernandez pictures of boats that the former had agreed to send to Neco, a Mexican citizen alleged to be participant in the criminal conspiracy, who owned a marine in Progreso, Mexico. *Id.* at 2. Hernandez told the agents that Reyes Arnada would obtain boat engines for Neco and that Hernandez no longer speaks with Reyes Arnada. *Id.* Hernandez was presented with a six-person photograph array and selected, identified, and initialed the photograph in "position 4," which was a photograph of Reyes Arnada, as Reyes Arnada. Hernandez stated that Reyes Arnada would talk to people who owned the vessels and that the boat owners would commit insurance fraud after their vessels went to Mexico. *Id.* Hernandez stated that Reyes Arnada was responsible for fueling up the empty gas tanks with gas. *Id.* Hernandez identified photographs of vessels reported stolen and copies of conversations between himself, Reyes Arnada, and Neco. *Id.* In addition to his references to Reyes Arnada, Javier Hernandez provided a detailed statement of his interactions with other persons involved in his unlawful

4

scheme amounting to a general confession which the Government will most certainly seek to introduce in its case in chief. *Id.*

Reyes Arnada argues that *Bruton* requires a trial severance because Hernandez's statements incriminate Reyes Arnada and Reyes Arnada cannot cross examine Hernandez. *Id.* at 3. Reyes Arnada acknowledges that *Bruton* does not apply where a confession is not incriminating on its face but only when linked to evidence introduced at trial and evidence requiring a linkage differs from evidence incriminating on its face. *Id.* at 4 (citing *Richardson v. Marsh*, 481 U.S. 200, 203 (1987)). Reyes Arnada further notes that the *Bruton* rule extends to cases where a defendant's written confession is redacted to delete a co-defendant's name but where the redacted name is "obviously" co-defendant's. *Id.* at 4-5 (citing *Gray v. Maryland*, 523 U.S. 185 (1998)). Reyes Arnada thus argues that Hernandez's confession is incriminating to Reyes Arnada on its face and that redactions or deletions cannot cure the prejudice to Reyes Arnada.

The Government responds *inter alia* that Hernandez's inculpation of Reyes Arnada is neither written nor audio-recorded so it is not necessary to redact any mention of Reyes Arnada. ECF No. [125] at 3. As such, the Court can direct the witness through whom the Government will elicit Hernandez's statement not to identify Reyes Arnada and instead to use the neutral reference to "another person." The Government submits that the Supreme Court approved this procedure and it would cure any *Bruton* issue. *See Samia v. United States*, 143 S. Ct. 2004, 2017, 216 L. Ed. 2d 597 (2023) (holding that a redacted confession fell outside narrow exception *Bruton* created).

## II.  LEGAL STANDARD

"Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources."

*United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011) (citing *Zafiro v. United States,* 506 U.S. 534, 537 (1993)); *see also United States v. Gonzalez Vidal*, No. 21-20050-CR-CMA (filed Jan. 21, 2021) (Altonaga, C.J.), ECF No. [189]. Thus, "[t]he general rule is that defendants indicted together should be tried together. This rule is particularly applicable to conspiracy cases." *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998) (alteration added; citations and footnote omitted).

However, "[i]f . . . a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Nevertheless, a defendant seeking a severance under Rule 14(a) must "carry the heavy burden of demonstrating that compelling prejudice would result from a joint trial." *Lopez*, 649 F.3d at 1234 (cleaned up and citation omitted). "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the *only* proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *Id.* (citation omitted and emphasis added). More specifically, "severances need be granted only if there is a serious risk that a joint trial would either [1] 'compromise a specific trial right of one of the defendants' or [2] 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given." *Id.* at 1234-35 (citing *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539)). Apart from those two circumstances, "most other defendants prejudiced by a joint trial are entitled only to curative instructions." *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004).

### III.   DISCUSSION

#### A. Hernandez's Motion

##### *1. Right of Confrontation*

The Court first addresses whether a joint trial would compromise Hernandez's right of confrontation. In *Bruton*, a jury convicted the petitioner and one Evans in a joint trial of a federal charge of armed postal robbery. *Bruton*, 391 U.S. at 124. A postal inspector testified that he obtained two oral confessions in which Evans stated that he and the petitioner committed the robbery. *Id.* The Court explained that the admission of the postal inspector's testimony unduly prejudiced petitioner because the jury was likely to believe Evans made the confessions and that the statements made as part of those confessions were true, including statements directly implicating the petitioner in the robbery. *Id.* at 127. The Court thus held that the testimony denied the petitioner his constitutional right of confrontation since Evans did not take the witness stand to be cross-examined about the statements. *Bruton*, 391 U.S. at 127-28. The Court further held that the encroachment on the right to confrontation could not be avoided by a limiting instruction. *See id.* at 128 ("Delli Paoli [v. United States] assumed that this encroachment on the right to confrontation could be avoided by the instruction to the jury to disregard the inadmissible hearsay evidence. But, as we have said, that assumption has since been effectively repudiated.") (footnote omitted). The Court reasoned that holding follows because the assumption that "a properly instructed jury would ignore the confessor's inculpation of the non-confessor in determining the latter's guilt" is unsound. *See id.* at 129 ("'The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction. * * *'") (footnote omitted). Unlike *Bruton*, the evidence the Government seeks to introduce here does not directly implicate Hernandez in the conduct to which Reyes Arnada's plead *nolo contendere* in state court. Rather, evidence from Reyes Arnada's state court conviction is relevant

7

to show part of the manner and means of the conspiracy to transport stolen vessels charged in Count 2, namely through the illegal procurement of fuel and fuel tanks. *See* ECF No. [103] at 2. That evidence would not directly inculpate Hernandez in Reyes Arnada's fuel theft. Indeed, the Government represents that Reyes Arnada only implicated himself in his audio and video-taped recorded interview. *See generally* ECF No. [105-1]. Thus, *Bruton* does not support Hernandez's arguments.

Apart from the evidence from Reyes Arnada's conviction, Hernandez asserts that Hernandez's right of confrontation would be violated if the Government seeks to prove allegations that Reyes Arnada and Hernandez stole boats in Florida and laundered illegal gains from that activity using Reyes Arnada's cellphone extraction. *See* ECF No. [98] at 3-4. However, the Court notes that the Eleventh Circuit has stated that the holding in *Bruton* concerns the Confrontation Clause's prohibition on the use of the confession of a non-testifying criminal defendant in a joint trial where the statement directly inculpates a co-defendant and held that the *Bruton* doctrine does not apply where statements are not testimonial. *United States v. Hano*, 922 F.3d 1272, 1287 (11th Cir. 2019).[3] Hernandez has not demonstrated that the cellphone extraction evidence is testimonial; for that reason, Hernandez has not carried his "heavy burden of demonstrating that compelling prejudice would result from a joint trial" on the grounds that Hernandez's right of confrontation is at "serious risk" that a joint trial would compromise Hernandez's right of confrontation. *See Lopez*, 649 F.3d at 1234-35.

---

[3] The Eleventh Circuit has also explained that the Confrontation Clause generally does prohibit the admission of testimonial evidence *unless* the witness is unavailable, and the defendant has had a previous opportunity for cross-examination. *United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)).

### 2. *Spillover Effect*

The Court next analyzes whether there is a serious risk that the jury would be prevented from making a reliable judgment about guilt or innocence even if a limiting instruction was given. *Lopez* explained that where overwhelming evidence of guilt is introduced against a codefendant that would not have been admissible against the defendant in a separate trial, raising the specter of "spillover effect," there is a serious risk that a jury would be prevented from making a reliable judgment. *Lopez*, 649 F.3d at 1235 (citation omitted). The Eleventh Circuit has held in a case where some defendants were charged only with drug offenses—and other defendants were charged with those offenses and related violent offenses—that limiting instructions adequately minimized the risk that evidence of violent offenses would unfairly prejudice the defendants who were not charged with those offenses. *United States v. Alvarez*, 755 F.2d 830, 858 (11th Cir. 1985). Here, the Superseding Indictment alleges that Hernandez illegally procured fuel in furtherance of the conspiracy, a similar offense for which Reyes Arnada was convicted in state court. ECF No. [51] ¶¶ 11-14, 23. It follows that this case is *a fortiori* appropriate to be tried jointly. That conclusion is bolstered by the interest in judicial economy in trying Hernandez and Reyes Arnada together in this case, which involves conspiracy allegations. *See United States v. Baker*, 432 F.3d 1189, 1238 (11th Cir. 2005) (explaining that judicial economy is a valid consideration in determining whether to grant severance). Therefore, the Court is not persuaded that any spillover effects would prejudice Hernandez, let alone cause compelling prejudice, so severance is not warranted on the grounds of prejudicial spillover effects.

### 3. *Limiting Instructions*

To the extent that either Hernandez or Reyes Arnada claims he is prejudiced by a joint trial, he is entitled only to curative instructions. *Blankenship*, 382 F.3d at 1123. "Although separate trials will more likely be necessary when the risk is high, less drastic measures, such as limiting

instructions, often will suffice." *Zafiro*, 506 U.S. at 539. The Court is convinced that curative instructions would allow the jury to assess the guilt or innocence of Hernandez and Reyes Arnada separately. *See Lopez*, 649 F.3d at 1238-41 (11th Cir. 2011) (finding that district court's repeated instructions mitigated spillover effects).

The only other case on which Hernandez substantially relies, *Kotteakos*, does not support his argument. There, the Supreme Court considered "whether petitioners have suffered substantial prejudice from being convicted of a single general conspiracy by evidence which the Government admits proved not one conspiracy, but some eight or more different ones of the same sort executed through a common key figure [.]" *Kotteakos v. United States*, 328 U.S. 750, 752 (1946). The Court noted, but did not consider the propriety of, the severances in those cases, *see id.* at 753 n.3, and this is not a case where the Government seeks to prove more than one conspiracy.

### B. Reyes Arnada's Motion

The Supreme Court's decision in *Samia* disposes of Reyes Arnada's Motion. In that case, the Government charged three men—Hunter, Samia, and Stillwell—in a multicount indictment that included a charge of conspiracy to commit murder-for-hire. *Samia*, 143 S. Ct. at 2010. Hunter and Stillwell admitted that they had participated in the murder, but Samia maintained his innocence. The Government theorized that Hunter, at the behest of a crime lord, had hired Samia and Stillwell to pose as real-estate buyers and visit properties with Lee, a local real-estate broker whom the crime lord had ordered be killed. *Samia*, 143 S. Ct. at 2010-11. The Government also sought to prove that Samia, Stillwell, and Lee were in a van that Stillwell was driving when Samia shot Lee. *Id.* at 2011. During its case in chief, the Government presented testimony about Stillwell's confession through a federal agent. The federal agent referred to Samia as the "other person" as the trigger puller. *Id.* During that testimony, the district court instructed the jury that

Stillwell's testimony was admissible only as to Stillwell and should not be considered as to Samia or Hunter, and later provided a similar limiting instruction before the jury began its deliberations. *Id.* The Court held that the federal agent's references to some "other person" was sufficiently neutral, was unlike the obviously redacted confession in *Gray*, and, together with the district court's limiting instructions, was permissible under *Bruton*. *Samia*, 143 S. Ct. at 2017-18.

The Court is satisfied that the foregoing procedure would permit the introduction of testimony on Hernandez's confession. For that reason, trial severance is not warranted.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Hernandez's Motion for Trial Severance, **ECF No. [98]**, is **DENIED**; and

2. Defendant Ramon Reyes Arnada's First Motion for Jury Trial Several of Defendants, **ECF No. [110]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record