**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cr-20557-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JAVIER HERNANDEZ,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Javier Hernandez's ("Hernandez") Motion to Dismiss for *Brady* Violation, ECF No. [116] ("Motion"). The Government filed a Response in Opposition to the Motion. ECF No. [133]. The Court has considered the Motion, the Response, the record in this case, and the applicable law, and is fully advised. For the following reasons, the Motion is denied.

The Court assumes the parties' familiarity with the allegations in this case but sets forth allegations pertinent to adjudicating the Motion.[1] Hernandez argues the Government's failure to disclose that law enforcement officials ("LEOs") had violated "well-established . . . protocols to preserve and protect" evidence on Hernandez's cellphone, Gov't's Ex. 1B107 ("Phone"), violates *Brady v. Maryland*, 373 U.S. 83 (1963) and requires the Court to dismiss the Superseding Indictment, ECF No. [51]. ECF No. [116] at 7. Hernandez further argues that the Government's failure to disclose that the evidence from the Phone obtained in April 2021 was purportedly the

---

[1] The Court previously set forth the allegations and evidence in this case in previous orders. ECF Nos. [101], [126], [136].

product of a warrantless search also amounts to a *Brady* violation that requires dismissal. *Id.* at 7-8.

The Government responds that Hernandez cannot show there is a reasonable probability of a different trial outcome, which would require a new trial under *Brady*, because a trial has not yet occurred in this case. ECF No. [133] at 3. Second, Hernandez cannot show he could not have obtained the evidence by reasonable diligence because he did so. *Id.* Third, Hernandez has not shown that LEOs acted in bad faith in deleting exculpatory text messages, which is required to show that the loss of evidence on the Phone requires dismissal of the Superseding Indictment. *Id.* at 3-5.

"Under *Brady v. Maryland*, a court should grant a new trial if [1] the prosecution suppresses favorable evidence [2] that is material to the defendant's guilt or punishment and [3] that creates a 'reasonable probability' of a different trial outcome." *United States v. Laines*, 69 F.4th 1221, 1230 (11th Cir. 2023) (citation omitted). A defendant must also show that he "does not possess the evidence and could not obtain the evidence with any reasonable diligence[.]" *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002) (citation omitted).

Hernandez's Motion is deficient because his contention that a *Brady* violation can warrant the dismissal of an indictment is unsupported. As the Government correctly notes, a trial has not occurred in this case and, to the extent Hernandez needs more time to review information regarding LEOs' handling of the phone, the proper remedy is a continuance, but Hernandez did not seek a continuance at the Calendar Call held on September 19, 2023. To the extent the Motion regards the Government's purported spoliation of evidence, as the Court's Order on Hernandez's Motion to Suppress explained, Hernandez may challenge the Phone evidence at trial. *See* ECF No. [136].

Case No. 22-cr-20557-BLOOM

Even if a *Brady* violation can warrant dismissal of an indictment, the Court is unpersuaded that any *Brady* violation has occurred. First, Hernandez has not shown either that the Government's failure to disclose LEOs' deficient handling of the Phone or that the Government's April 2021 search is material to his guilt because such information is not exculpatory. *See Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 n.9 (11th Cir. 2009) (expressing doubt "that *Brady* applies outside the realm of exculpatory evidence and extends to evidence useful to the defense in a fruit-of-the-poisonous-tree quest"). Second, Defendant has not shown he could not obtain the evidence with any reasonable diligence because Hernandez did so: through his expert Thomas Pullen, Hernandez identified the purported deficiencies in LEOs' handling of the Phone and learned of the FBI's April 2021 Cellebrite extraction of the phone. The foregoing demonstrates that Hernandez cannot prove a *Brady* violation has occurred.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [116]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3