UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20557-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JAVIER HERNANDEZ,

    Defendant.
_____/

**SECOND OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Ramon Reyes Arnada's ("Reyes Arnada") First Motion *in Limine* to Exclude Evidence of September 14, 2021 Arrest of Defendant in Collier County, Florida, ECF No. [120] ("Defendant's Motion"), and the Government's Opposed Motion *in Limine* to Admit Statements Between Coconspirators, ECF No. [127] ("Government's Motion"). Regarding Defendant's Motion, the Government filed a Response in opposition and submitted a motion *in limine* to admit evidence of the September 14, 2021 arrest. CF No. [123].[1] Regarding the Government's Motion, Defendant Javier Hernandez ("Hernandez") filed a Response in opposition, ECF No. [137], which Reyes Arnada joined, ECF No. [142], and the Government filed a Reply in further support of the Government's Motion, ECF No. [144]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is denied, and the Court denies without prejudice the Government's Motion.

---

[1] As of the date of this Order, Reyes Arnada has not responded to the Government's motion *in limine* to admit evidence of the arrest.

Case No. 22-cr-20557-BLOOM

## I. BACKGROUND

The Court assumes the parties' familiarity with the case and sets forth allegations pertinent to the adjudication of the Motion.[2] On March 24, 2023, the Government filed a five-count Superseding Indictment charging Hernandez with conspiring to encourage aliens to enter the United States for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Count 1); conspiring to transport stolen vehicles in violation of 18 U.S.C. § 371 (Count 2); conspiring to traffic in certain motor vehicles, to export a motor vehicle with tampered identification number, and to alter motor vehicle identification numbers in violation of 18 U.S.C. § 371 (Count 3); trafficking in certain motor vehicles in violation of 18 U.S.C. § 2321 (Count 4); and engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 5). *See generally* ECF No. [51]. Reyes Arnada is charged only in Counts 2 and 5 of the Superseding Indictment. *See generally id.*

### A. Statements of Gonzalez Vidal and Enrique Lopez

The Government avers that—as part of the conspiracy and after Cuban migrants arrived in Mexico—Jose Miguel Gonzalez Vidal ("Gonzalez Vidal") and unindicted coconspirator Mario Alberto Enrique Lopez ("Enrique Lopez") would forcibly detain the migrants for extortionate payments for the smuggling services. ECF No. [127] at 1. Gonzalez Vidal worked with Enrique Lopez, Hernandez, and Reyes Arnada to "coordinate the boat theft scheme." *Id.* at 4. "Enrique Lopez and Gonzalez Vidal were responsible for coordinating the payments to Hernandez and Reyes [Arnada] for the vessel thefts." *Id.* Law enforcement seized cellphones from Gonzalez Vidal when they arrested him, and one of the phones contained messages from Enrique Lopez wherein Gonzalez Vidal and Enrique Lopez discussed how to pay Hernandez and Reyes Arnada. *Id.*

---

[2] The Court previously set forth the allegations and evidence in this case in previous orders. *See generally* ECF Nos. [101], [126], [136], [138].

On November 18, 2022, law enforcement also seized Reyes Arnada's phone. *Id.* According to the Government, evidence from that cellphone indicates that Reyes Arnada's participated in the theft of a vessel named the *Cobia*, which was used to enable the human smuggling operations. *See* ECF No. [51] ¶ 34 (describing how Reyes Arnada sent multiple photographs depicting the *Cobia* via WhatsApp in furtherance of the conspiracy). On August 9 and August 10, 2022, Enrique Lopez and Reyes Arnada exchanged messages concerning the *Cobia*. ECF No. [127] at 5. In late August 2022, Reyes Arnada exchanged other messages with Enrique Lopez that indicate that Reyes Arnada coordinated a fraudulent bill of sale for the *Cobia* and received payments therefore. *Id.* at 5-6. The Government indicates that Enrique Lopez made further statements to an entity called *Linea Peninsular* regarding the *Cobia*, which tend to show that Enrique Lopez used fraudulent documentation that Reyes Arnada prepared to have the *Cobia* shipped from the United States to Mexico. *Id.* at 6.

**B. Defendant's Motion**

According to Reyes Arnada, he was arrested in Collier County on September 14, 2021 on state criminal charges of trespassing, grant theft (of gasoline), and unlawful conveyance (transportation) of fuel (illegal fuel tank). ECF No. [120] at 1-2. On November 2, 2021, Reyes Arnada was adjudicated guilty for trespassing and adjudication was withheld on the grand theft and unlawful conveyance charges. *Id.* The charged conduct occurred at 11917 Oil Well Road, Immokalee, Florida. *Id.* at 2. Reyes Arnada seeks exclusion at trial of evidence from his arrest in Collier County, Florida on September 14, 2021 on the grounds that the evidence is uncharged criminal conduct unrelated to any factual allegations in the Indictment, has no connection to any co-defendant, and occurred in the Middle District of Florida. *Id.* at 3. Relying on *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999), Reyes Arnada submits that the evidence has practically

no probative value which in any case is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. *Id.* at 3-4.

The Government responds that it intends to introduce the certified conviction from the state court case, Reyes Arnada's post-*Miranda* confession in that case, and the testimony of a property owner who will describe how Reyes Arnada did not have the permission or authority to transport the fuel from the property. ECF No. [123] at 6. The Government maintains that evidence is admissible on the grounds that (1) it is direct evidence to prove the crimes alleged, and (2) is inextricably intertwined evidence that provides the jury with a complete and accurate understanding of Reyes Arnada's charged criminal conduct. ECF No. [123] at 1. Alternatively, the Government contends that the evidence is admissible under Rule 404(b) of the Federal Rules of Evidence to prove Reyes Arnada's motive, intent, knowledge, and absence of mistake of accident in the offenses charged in the Superseding Indictment. *Id.* at 2.

### C. The Government's Motion

The Government seeks to admit (1) statements made between Enrique Lopez, an uncharged coconspirator, and Gonzalez Vidal, a defendant charged in a related case, 21-cr-20050-CMA; and (2) emails from Enrique Lopez to *Linea Peninsular* as statements made in furtherance of the alleged conspiracy under Rule 801(d)(2)(E) of the Federal Rules of Evidence. ECF No. [127] at 1, 10. In pertinent part, Rule 801 provides:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
> . . .
> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
> . . .
> **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.
>
> The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).

4

Fed. R. Evid. 801. Hernandez responds that the Court should defer ruling on the Government's Motion until trial. ECF No. [137] at 1.

## II. LEGAL STANDARD

A motion *in limine* is typically one to "exclude anticipated prejudicial evidence before the evidence is actually offered." *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1250 (M.D. Fla. 2021) (quoting *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984))). In addition, motions *in limine* may enable the Court to rule on the relevance of evidence and other issues before trial, thereby aiding the trial process. *See United States v. Laurent*, 603 F. Supp. 3d 1247, 1251 (S.D. Fla. 2022). However, "the better practice [is] to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (quoting *Mowbray v. Carnival Corp.*, No. 08-20937-CIV, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009)). Thus, the Court may exclude evidence *in limine* only when "evidence is clearly inadmissible on all potential grounds." *Id.* (citation omitted). Otherwise, "evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id.* (quoting *Mowbray*, 2009 WL 10667070, at *6).

The burden is on the movant to demonstrate that evidence is inadmissible on any relevant ground. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (citing *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). A district court's ruling on a motion *in limine* is subject to change, in any event. *United States v. Dorvilus*, 357 F. App'x 239, 246 (11th Cir. 2009) (citing *Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.")).

Case No. 22-cr-20557-BLOOM

### III. DISCUSSION

#### A. Defendant's Motion

##### 1. *Direct Evidence*

"Relevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (citation omitted). Under the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government seeks to introduce proof of the crimes charged in the Superseding Indictment in its case-in-chief. ECF No. [123] at 7-8. Specifically, the Government asserts that the evidence is direct evidence of fuel theft. *Id.* at 8. The Superseding Indictment alleges that Reyes Arnada committed an overt act in furtherance of the alleged conspiracy by stealing fuel. *See* ECF No. [51] ¶ 3. Evidence of the theft of fuel in Collier County tends to make the fact of Reyes Arnada's fuel theft in support of the human smuggling operations more probable because evidence from the September 14, 2021 arrest indicates the method by which Reyes Arnada may have supported the operations. That method further indicates how Reyes Arnada may have participated in the alleged scheme. *See* Fed. R. Evid. 401; *see also Troya*, 733 F.3d at 1132 (explaining that evidence of an attempted home invasion was direct evidence of a charged drug conspiracy where home invasion established the method by which defendants obtained drugs to distribute as part of the larger drug ring at issue in case). Moreover, the theft of fuel goes hand in hand with illegal human smuggling operations that use motor vessels, so the evidence of the arrest does not present a risk of unfair prejudice that substantially outweighs its probative value. *Cf. id.* ("We have long held that guns and violence go hand-in-hand with illegal drug operations.") (cleaned up). The

6

evidence is therefore admissible as direct evidence, and Defendant's Motion is due to be denied. Nevertheless, in the interest in aiding the trial process, *see Laurent*, 603 F. Supp. 3d at 1251, the Court proceeds to consider whether the evidence is admissible as intrinsic evidence.

### 2. *Inextricably Intertwined Evidence*

Apart from direct evidence, the Eleventh Circuit deems intrinsic evidence admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *Troya*, 733 F.3d at 1131. Evidence is inextricably intertwined if it pertains to "the chain of events explaining the context, motive and set-up of [a] crime" and is properly admitted if "[1] linked in time and circumstances with the charged crime, . . . [2] forms an integral and natural part of an account of the crime, or [3] is necessary to complete the story of the crime for the jury." *See United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (citation omitted).

Count 2 of the Superseding Indictment states that Reyes Arnada participated in the conspiracy which spanned December 2017 to September 30, 2022. ECF No. [51] at 2. The Superseding Indictment states that Reyes Arnada illegally procured fuel and fuel tanks in the Southern District of Florida. *Id.* ¶ 3. As stated, the Government seeks to introduce Reyes Arnada's post-*Miranda* confession and the testimony of a property owner to show that Reyes Arnada had illegally procured fuel and fuel tanks on September 14, 2021. Such is the same activity that allegedly occurred during the conspiracy that Reyes Arnada is charged with and may detail an account of the circumstances of the alleged human smuggling operations. *See Williford*, 764 F.2d at 1499-1500, 1503 (citing *United States v. Costa*, 691 F.2d 1358, 1360-61 (11th Cir.1982) (evidence of prior drug deals inextricably bound to witness' account of circumstances of charged offense)). Because the September 14, 2021 offense and Count 2 are "linked in time and circumstances," evidence of the former is admissible to the extent the probative value of the September 14, 2021 evidence is not substantially outweighed by the risk of unfair prejudice, which

7

the Court finds not to be the case. *See id.* at 1500 (citing *United States v. Cole*, 755 F.2d 748, 766-67 (11th Cir. 1985) (Rule 403 applied sparingly)).

Because the Court finds the evidence is admissible as direct and intrinsic evidence, it need not reach the Government's alternative argument that the evidence is admissible under Rule 404(b) of the Federal Rules of Evidence. Accordingly, the Court grants the Government's Motion *in Limine*, ECF No. [123], and denies Defendant's Motion.

**B. Government's Motion**

In support of its Motion, the Government asserts that it must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during and in furtherance of the conspiracy. *Id.* at 7 (citing *United States v. Harris*, 886 F.3d 1120 (11th Cir. 2018)). The Government contends that (a) messages between Gonzalez Vidal and Hernandez, (b) messages between Gonzalez Vidal and Reyes Arnada, (c) testimony from victims of the scheme, and (d) testimony from cooperating witnesses will prove that a conspiracy existed and that the conspiracy included the declarant and the defendant against whom the statements are offered. *Id.* The Government further contends that the statements between Gonzalez Vidal and Enrique Lopez, and Enrique Lopez's statements to *Linea Peninsular*, show that those statements were made during and in furtherance of the conspiracy. *Id.* at 8-9. The Government concludes that the statements it seeks to admit do not run afoul of the Confrontation Clause because the statements are not testimonial. *Id.* at 9-10.

Hernandez does not dispute that the introduction of the co-conspirators' statements does not present a Confrontation Clause issue. Rather, Hernandez responds that the Government must lay a proper foundation at trial to allow for those statements' introduction, namely that it must prove that a conspiracy existed beyond a preponderance of the evidence. The Government replies

that it has adequately submitted a detailed factual proffer of what it intends to prove at trial that satisfies the three-pronged test for admission of coconspirator statements in *Harris* by a preponderance of the evidence. ECF No. [144] at 1-2. Nevertheless, the Government submits that, should the Court wish to defer the motion until the time the Government seeks to admit the evidence, the Government will notify the Court in advance of when it intends to introduce the evidence. *Id.*

The Court agrees with Hernandez because it does not have before it any of the evidence which is required for a proper evidentiary foundation. Accordingly, the better course is for the Court to rule on the introduction of the Enrique Lopez and Gonzalez Vidal's statements at trial to "allow questions of foundation, relevancy and prejudice to be resolved in context." *Mowbray*, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation omitted).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Ramon Reyes Arnada's First Motion *in Limine* to Exclude Evidence of September 14, 2021 Arrest of Defendant in Collier County, Florida, **ECF No. [120]**, is **DENIED;**

2. The Government's Motion *in Limine* to Admit Evidence of Ramon Reyes Arnada's 2021 Conviction, **ECF No. [123]**, is **GRANTED**.

3. The Government's Opposed Motion *in Limine* to Admit Statements Between Coconspirators, **ECF No. [127]**, is **DENIED WITHOUT PREJUDICE**. The Government shall notify the Court in advance of when it intends to introduce the coconspirators' statements.


Case No. 22-cr-20557-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record